```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                     FAYETTEVILLE DIVISION
```

KATHRYN K. RICE                                              PLAINTIFF

       v.                    Civil No. 08-5098

TYSON FOODS, INC.                                            DEFENDANT

### ORDER

    NOW on this 9th day of December 2008, comes on for consideration Plaintiff Kathryn Rice's **Motion for Voluntary Non-Suit** (document #13) and the response thereto of Defendant Tyson Foods, Inc. (document #14). The Court, being well and sufficiently advised, finds and orders with respect thereto:

    1. On April 28, 2008, Plaintiff Kathryn Rice ("Plaintiff") commenced this action against Defendant Tyson Foods, Inc. ("Tyson") alleging employment discrimination, sexual harassment, and retaliation based upon gender. Plaintiff's complaint seeks redress in the form of back pay, front pay, liquidated damages, benefits, damages for pain and suffering, and punitive damages.

    2. As to the matter now before the Court, Defendant does not oppose Plaintiff's motion for voluntary non-suit, but does request that certain terms attend the dismissal as permitted by Federal Rule of Civil Procedure 41(a)(2). See Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request only by Court order, on terms that the Court considers proper"). The proposed

terms and conditions are as follows:

    (a) that this action may be re-filed only in this Court and in compliance with Local Rule 40.1(c);

    (b) that Plaintiff's deposition testimony taken up to this point be binding on her in any future action against Defendant and that Defendant will not be required to re-depose her on the matters about which she has already testified;

    (c) that Plaintiff will make herself available to complete her deposition commenced in this case within 60 days of any re-filing of this action;

    (d) that Plaintiff may not claim back pay for the period of time that she has been unable to make herself available to participate in her lawsuit and that in any event Plaintiff may not claim back pay beyond March 9, 2009, which is the currently scheduled trial date of this matter; and

    (e) Defendant should be reimbursed for duplicative costs, expenses, and attorneys fees occasioned by the re-filing of this lawsuit.

    Plaintiff has no objections to conditions (a) through (c), but objects to conditions (d) and (e).

    3. Decisions to grant motions to dismiss without prejudice are discretionary and should be granted only "if no other party will be prejudiced." Kern v. TXO Production Corp., 738 F.2d 968, 970 (8th Cir. 1984). Conditions, such as payment by the plaintiff to the

defendant for its costs and expenses incurred, can be imposed to "cure" any prejudice or disadvantage caused by the dismissal without prejudice. Id.

4. Turning to the conditions of dismissal proposed by Defendant, because Plaintiff has no objections to conditions (a) through (c) set forth above, the Court will adopt these conditions in dismissing this action.

Regarding proposed condition (d), the Court does not believe that this provision is necessary to prevent prejudice to Defendant in the dismissal of this action. It is not a certain thing that Plaintiff will, after entry of this dismissal without prejudice, re-file against Defendant. However, should Plaintiff choose to re-file her claims, the issue of damages and back-pay must then be proven by Plaintiff. And, the issue of whether Plaintiff has failed, at any point, to mitigate her damages in the form of lost wages may be raised at that time. Thus, the Court will not now impose proposed condition (d) in the dismissal of this action.

As to proposed condition (e), the Court agrees with Defendant that if after dismissing Plaintiff's claims she elects to again sue Defendant on the same issues, Defendant should be reimbursed for unnecessarily duplicative costs, expenses, and attorney's fees thereby occasioned. Thus, the Court will adopt this proposed condition in the dismissal of this action.

**IT IS THEREFORE ORDERED** that Plaintiff's **Motion for Voluntary**

**Non-Suit** (document #13) should be, and it hereby is, **granted** and, Plaintiff's complaint against Defendant Tyson Foods, Inc. is dismissed without prejudice on the following conditions:

* that this action may be re-filed only in this Court and in compliance with Local Rule 40.1(c);

* that Plaintiff's deposition testimony taken up to this point be binding on her in any future action against Defendant and that Defendant will not be required to re-depose her on the matters about which she has already testified;

* that Plaintiff will make herself available to complete her deposition commenced in this case within 60 days of any re-filing of this action; and

* Defendant should be reimbursed for duplicative costs, expenses, and attorneys fees occasioned by the re-filing of this lawsuit.

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
**JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE**